UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| RAKESH CHANDRA, M.D., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | No. 13 C 8539 |
| v. | ) ) | Judge Sara L. Ellis |
| LOKESH CHANDRA, M.D., and ROBIN B. POTTER & ASSOCIATES, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case involves a dispute over the distribution of the relator's recovery in the False Claims Act ("FCA") case entitled *United States ex rel. Lokesh Chandra v. Sheth* (the "FCA action"), No. 06 C 2191, a case which remains pending before this Court. Rakesh Chandra ("Rakesh") filed this lawsuit in state court against his brother, Lokesh Chandra ("Lokesh") and Robin B. Potter & Associates (the "Potter Firm"), which represented Lokesh in the FCA action. Rakesh seeks a declaratory judgment and other contractual relief based on the parties' dispute over the contract they entered into regarding the handling of the FCA action and the division of any potential recovery from the FCA action. Lokesh removed Rakesh's lawsuit to federal court, where it was reassigned to this Court as related to the FCA action.

The FCA action resulted in a settlement and consent judgment, which was entered on September 28, 2010 and over which the Court retains jurisdiction. In September 2013, pursuant to the consent judgment, a monetary award was issued to Lokesh, which is currently being held by the Potter Firm. A dispute arose among the parties regarding distribution of the recovery, with Lokesh seeking to invalidate the contract the parties had signed while Rakesh and the Potter Firm maintain that it is valid. The dispute led Rakesh to file this suit in state court, followed by

Lokesh filing a motion in the FCA action to disburse the recovery and adjudicate attorney's fees. Before reaching the substance of this case and the pending motion in the FCA action, however, the Court must address the Potter Firm's and Rakesh's motions to remand this case to state court. Although the Court has supplemental jurisdiction over the dispute in the FCA action, because there is no original jurisdiction to support removal of this lawsuit, this lawsuit must be remanded to state court.

## LEGAL STANDARD

A case filed in state court that could have been filed originally in federal court may be properly removed to federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating that removal is proper, and any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A case may be remanded for lack of subject matter jurisdiction or, if timely raised, for failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013).

## ANALYSIS

The Potter Firm and Rakesh argue that this case must be remanded not only because the Potter Firm never consented to removal, as required by 28 U.S.C. § 1446(b)(2)(A), but also because there is no basis for this Court to assert subject matter jurisdiction over the case. Lokesh maintains, however, that removal was proper because the Court has original jurisdiction over the case because it "arises under" federal law and implicates a significant federal issue or, alternatively, supplemental jurisdiction based on 31 U.S.C. § 3732(b).

I.  **"Arising Under" Jurisdiction**

The parties do not dispute that Rakesh's complaint is based on state law theories of recovery. Lokesh argues, however, that the state law claims implicate significant issues of federal law and thus fall into the "'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, --- U.S. ----, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006)). In order for federal jurisdiction to lie for such claims, they must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).

Lokesh argues that there are two significant federal issues involved in this case, namely how the relator's recovery from the FCA action is to be divided and whether both Lokesh and Rakesh are properly considered relators in the FCA action. But Lokesh admits that the first question is "entirely dependent on the resolution of whether, or to what extent, the contract for 'legal fees' is valid," Doc. 1 at 5, which involves state law contract interpretation and not federal issues.[1] The second issue—whether the FCA action was filed on behalf of both Lokesh and Rakesh, as Rakesh alleges in the complaint—comes closer to meeting *Grable*'s requirements but ultimately fails. Although Rakesh's claims depend, in part, on interpretation of the FCA, the existence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law." *Grable*, 545 U.S. at 314. Where, as here, resolution of the claim is "fact-bound and situation-specific" and does not involve a pure issue of law that could

---

[1] As discussed below, the Court does have supplemental jurisdiction over this issue in the FCA action, but this does not imply that a significant federal issue is involved.

control future cases, it cannot be "squeezed into the slim category *Grable* exemplifies." *Empire Healthchoice*, 547 U.S. at 700–01; *see also Figueroa v. Szymoniak*, No. 13-61020-CIV, 2013 WL 4496512, at *2–4 (S.D. Fla. Aug. 22, 2013) (remanding action seeking share of proceeds awarded to relator in FCA action where claims would require proof that defendants' alleged misconduct prevented plaintiff from recovering as a relator based on fact that, among other things, the federal issues were fact-specific, would be unlikely to control in other cases, and the federal government had a limited interest in the litigation because it did not concern liability for federal false claims but rather whether defendants prevented plaintiff from bringing a false claims suit); *Stern v. Baldwin*, Civ. No. 09-4167 (WJM), 2010 WL 1142034, at *3 (D.N.J. Mar. 24, 2010) (granting motion to remand breach of fiduciary duty and corporate waste claims that defendants argued required plaintiff to prove an FCA violation, finding that the case did not raise a pure issue of federal law but instead was "a garden variety shareholder derivative suit, which will depend heavily on its facts"). The fact that Rakesh's claims do not fall within the Court's "arising under" jurisdiction is further underscored by the fact that federal and state courts have concurrent jurisdiction over FCA claims, and so allowing the state court to resolve the issue of whether Rakesh could be considered a relator would not undermine the development of a uniform body of law. *See Soni v. Boston Med. Ctr. Corp.*, 683 F. Supp. 2d 74, 94–95 (D. Mass. 2009) (state and federal courts have concurrent jurisdiction over FCA claims); *United States ex rel. Hartigan v. Palumbo Bros., Inc.*, 797 F. Supp. 624, 631–32 (N.D. Ill. 1992) (same); *cf. Gunn*, 133 S. Ct. at 1067 ("In any event, the state court case-within-a-case inquiry asks what would have happened in the prior federal proceeding if a particular argument had been made. In answering that question, state courts can be expected to hew closely to the pertinent federal precedents."). Thus, this case does not fall within the Court's "arising under" jurisdiction.

## II. Supplemental Jurisdiction

Alternatively, Lokesh argues that the case was properly removed under the Court's supplemental jurisdiction pursuant to 31 U.S.C. § 3732(b). The parties dispute whether § 3732(b) is even applicable here, but the Court need not resolve that issue. Regardless, supplemental jurisdiction on its own does not provide a basis for removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002) ("Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441."); *Fenton v. Dudley*, No. 13 C 5019, 2014 WL 144676, at *2 (N.D. Ill. Jan. 3, 2014) ("Where the federal court has original jurisdiction over a civil action, the court can exercise supplemental jurisdiction over all related claims under 28 U.S.C. § 1367(a), but supplemental jurisdiction cannot form an independent basis for removal under § 1441.").

This Court does have supplemental jurisdiction over the dispute among the parties regarding disbursement of the relator's recovery in the FCA action. *See Goyal v. Gas Tech. Inst.*, 718 F.3d 713, 717–18 (7th Cir. 2013) ("District courts may exercise supplemental jurisdiction over disputes between attorneys and clients concerning costs and fees for representation in matters pending before the district court."); *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299–1301 (7th Cir. 1995). Because the FCA action was never dismissed and the Court retains jurisdiction over it, the dispute over the relator's recovery as raised in Lokesh's motion in that action is properly before the Court. *Cf. Goyal*, 718 F.3d at 717 ("Supplemental jurisdiction does not extend, however, to attorney fee disputes after the case has been dismissed and jurisdiction has been relinquished."). But the existence of supplemental jurisdiction in the FCA action over Lokesh's motion for disbursal does not provide the Court

5

with jurisdiction over Rakesh's case, even though the end result is two proceedings in two forums addressing the same issue. *See Fenton*, 2014 WL 144676, at *7 (rejecting defendants' argument that removal was proper because plaintiffs' complaint formed part of the same case or controversy as the civil rights case pending in federal court and thus the court should exercise supplemental jurisdiction over the state law claims); *Krueger v. TradeGuider Sys., LLC*, No. 07 C 6261, 2007 WL 4219194, at *1 n.1 (N.D. Ill. Nov. 27, 2007) ("Because a court must have jurisdiction over a case before it may assert jurisdiction over supplemental claims, supplemental jurisdiction cannot provide the original jurisdiction that is required in order to qualify for removal under 28 U.S.C. § 1441."). Because there is no independent basis upon which to exercise jurisdiction over Rakesh's claims, this case must be remanded to state court.

## III. Request for Fees and Costs

The Potter Firm and Rakesh ask the Court to award them their attorneys' fees and costs related to their efforts to obtain remand pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorneys' fees may be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). The Court should award fees "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal," but "if clearly established law did not foreclose a defendant's basis for removal," fees should not be awarded. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). While the Court has found against Lokesh, his position that the claims fall under the Court's "arising under" jurisdiction pursuant to *Grable* and its progeny was not objectively unreasonable. The Potter Firm may argue that fees

6

are nonetheless appropriate because its consent was not obtained for removal.  As the Court has found it need not analyze the issue to dispose of the motion to remand, it will not do so to determine whether fees are appropriate.  Nonetheless, the Court notes that the case presents an unusual procedural posture when considered in connection with the still pending FCA action in which the same dispute over the relator recovery may be asserted.  Because of these complicating factors and the objectively reasonable basis for removal, the Court declines to impose a fee award in this case.

## CONCLUSION

For the foregoing reasons, the motions to remand [18, 23] are granted.  This case is remanded to the Circuit Court of Cook County, Chancery Division.


Dated: February 18, 2014

_____
SARA L. ELLIS
United States District Judge